# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41446
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2017

Lyle W. Cayce
Clerk

TODD J. OUBRE,

Plaintiff - Appellant

v.

SCHLUMBERGER, LIMITED; SCHLUMBERGER TECHNOLOGY
CORPORATION; SCHLUMBERGER WELL SERVICES,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:15-CV-111

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

Appellant Todd J. Oubre, a Louisiana resident, sued Schlumberger Limited, Schlumberger Technology Corporation, and Schlumberger Well Services (collectively, "Schlumberger"}, commercial entities with their principal places of business located in Texas, for injuries allegedly resulting from a collision that occurred at a Schlumberger-owned facility in Houma,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41446

Louisiana.  The magistrate judge recommended granting summary judgment in favor of Schlumberger based on statute-of-limitations grounds and the district court, writing a separate opinion, agreed.  For the following reasons, we **AFFIRM**.

Oubre was an independent contractor working for United Vision Logistics ("UVL"), a trucking company that was providing carrier services to Schlumberger at the Houma, Louisiana facility. UVL was furnishing these services under a Master Service Agreement ("MSA") between Schlumberger and Dynasty Transportation, one of UVL's predecessors.  The MSA contained a forum-selection clause that stated Texas law would govern any disputes arising between the parties.

On May 14, 2014, Oubre was sitting in his parked truck at the Houma facility when it was struck by a forklift operated by a Schlumberger employee. He allegedly suffered personal injuries as a result, and filed suit against Schlumberger.  Under Louisiana law, Oubre's claim was filed one day beyond the prescriptive period and is time barred.  La. Civ. Code art. 3492.  He insists his claim was asserted within the proper statutory period because it was brought within Texas' two year statute of limitations period that governs personal-injury claims.  Tex. Civ. Prac. & Rem. Code § 16.003 (a).

Oubre must also satisfy the requirements of section 71.031 of the Texas Civil Practice and Remedies Code, which requires that a non-resident plaintiff bring a personal injury claim within the Texas statute of limitations, as well as "within the time provided by the laws of the foreign state in which the wrongful act, neglect, or default took place."  Tex. Civ. Prac. & Rem Code § 71.031(a).  Accordingly, section 71.031 will preclude Oubre's suit by borrowing Louisiana's one year prescription period, unless he is somehow assisted by the Schlumberger-Dynasty MSA.  *Id.*; La. Civ. Code art. 3492.

No. 16-41446

To support his claimed entitlement to Texas' two year statute of limitations, Oubre asserts that he is either a third-party beneficiary of the Schlumberger-Dynasty MSA, or that Schlumberger is "estopped" by the contract from denying the adoption of Texas law. Both positions are incorrect.

Oubre is not a third-party beneficiary under Texas law. Texas courts presume that parties intend to contract for themselves only, and "in the absence of a clear and unequivocal expression of the contracting parties' intent to directly benefit a third party, courts will not confer third-party beneficiary status by implication." *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011); *see also MCI Telecomms. Corp. v. Tex. Util. Elec. Co.*, 995 S.W.2d 647, 652 (Tex. 1999) ("[T]here is a presumption against, not in favor of, third-party beneficiary agreements."). Absent evidence of express intent to benefit a third party, any benefit flowing to a third party is merely incidental and does not confer a right to enforce the contract. *Tawes*, 340 S.W.3d at 425.

Under the present facts, it is clear that Oubre was not an intended beneficiary of the Schlumberger-Dynasty MSA. The parties entered into the MSA agreement before Oubre was hired, and could not have contemplated any benefit to him directly when they entered into it. Even if the agreement may have ultimately resulted in some general benefit to Dynasty employees, those benefits are merely incidental. Further, any such benefits would not apply to Oubre because he was a self-employed independent contractor at the time of his alleged injuries.

Oubre's estoppel claim fails for similar reasons. Because Oubre was neither a party to the MSA nor a third-party beneficiary of it, he lacks standing to enforce it. *Id.* (stating a third party may only sue to enforce a contract it did not sign "when the parties to the contract entered the agreement with the clear and express intention of directly benefitting the third party"). Without third-party beneficiary status, the cases cited by Oubre in support of his estoppel-

by-contract claim do not apply in this situation. This court does not create new Texas law, pursuant to the Erie Doctrine. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 72–78, 58 S. Ct. 817, 819–22, (1938).

Even assuming that Oubre could claim the benefit of the MSA's choice of law provision, it still adopts Texas law, which undeniably includes section 71.031(a). Contrary to Oubre's argument, this does not pose a *renvoi* issue, because the Texas provision incorporates out-of-state law solely for limitations purposes, not for broad choice-of-law issues. Tex. Civ. Prac. & Rem. Code § 71.031(c) ("The court shall apply the rules of substantive law that are appropriate under the facts of the case."). In any event, Oubre has cited no Texas cases concerning *renvoi* implications.

Therefore, Oubre's suit is barred by section 71.031(a), even under the MSA, unless he can meet the statute-of-limitations requirements of both Texas and Louisiana. Because Oubre filed suit one year and one day after the alleged accident occurred, he is unable to satisfy Louisiana's one year prescriptive period and thus also fails to meet the requirements of Texas' section 71.031(a). Accordingly, the district court properly granted Schlumberger's motion for summary judgment.

For the foregoing reasons, the judgment of the district court is AFFIRMED.